## A. J. WALLACE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34942.   Promulgated June 24, 1931.

*Claude I. Parker, Esq., G. H. Koster, Esq.,* and *J. B. Milliken, Esq.,* for the petitioner.

*J. E. Marshall, Esq.,* for the respondent.

OPINION.

MATTHEWS: In this proceeding the petitioner contends that the loss resulting from the worthlessness of his stock in the American Company occurred in 1924 and not in 1923 as determined by the respondent, and, further, that if the loss did occur in 1923 it constituted a " net loss " and should be deducted from his income for 1924.

It appears from the evidence that in 1923 the assets of the American Company were not more than sufficient to pay the bondholders and that under the plan of reorganization the only interest which stockholders of the old company had in the new corporation by virtue of their stock ownership in the old was the number of the new shares that they had the right to subscribe to. The petitioner did not subscribe for any stock in the new corporation. In 1923 he sold a part of his stock for $1. His testimony in regard to this transaction was to the effect that he desired to take part of the loss in 1923 and part in 1924, and for that reason he did not sell all of his stock in 1923. However, in a letter attached to his return he stated that he considered the stock worthless at the time of the sale in 1923 to Landgren. This statement of the petitioner was based upon information conveyed to him by Landgren who was a member of both the bondholders' and the stockholders' committees. We believe that these facts establish that the petitioner's stock in the American Company became worthless in 1923 and that any loss resulting therefrom is deductible in that year.

We must, therefore, consider whether such loss is a net loss within the meaning of section 204(a), Revenue Act of 1921. That section provides:

That as used in this section the term " net loss " means only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer (including losses sustained from the sale or other disposition of real estate, machinery, and other capital assets, used in the conduct of such trade or business) ; * * *

From 1900 to 1918 the petitioner had been engaged in buying and selling real estate, including oil properties, and in connection therewith organizing corporations to which he transferred the properties for stock. It is not clear exactly what petitioner was doing in 1923 and 1924. There is some evidence that he had retired from any active business in those years. The petitioner in his return described his business as " oil operator and investments," and he and a former

associate described him as a " promoter." The fact that he owned stock in the American Company, which was engaged in the oil business, does not establish that he was engaged in a trade or business. He was not an officer or director in that corporation, but merely a stockholder. A somewhat similar situation was involved in the case of *J. Kearsley Mitchell*, 19 B. T. A. 83. In that case we said:

> * * * Petitioner's business is thus described by his secretary, "He was a capitalist engaged in different enterprises and also president of the Philadelphia Rubber Company." Aside from this characterization, the evidence is only that he owned stock in several corporations, in some of which he exercised his power as controlling stockholder to dictate the personnel employed. To call petitioner a "capitalist" is not to say that he "operates a trade or business regularly carried on." *Elliott* v. *Frankfort*, *&c.*, 172 Calif. 261; 156 Pac. 481; *In re Green's Estate*, 178 N. Y. S. 353. Nor can this be said because petitioner is interested through stock ownership in corporations which possibly may be regularly engaged in the operation of a trade or business. *Fridolin Pabst*, 6 B. T. A. 843; affd., 36 Fed. (2d) 614; *Louis M. Goldberg*, 9 B. T. A. 1355; affd., 36 Fed. (2d) 551; *Harry J. Gutman*, 7 B. T. A. 500; *W. C. Harris*, 8 B. T. A. 1234; *J. L. Washburn*, 16 B. T. A. 1091; *Garnet W. Coen*, 18 B. T. A. 1274.

The loss resulting from the stock of the American Company becoming worthless in 1923 is not a loss resulting from the " operation of a trade or business regularly carried on " and hence is not deductible from net income of a succeeding year as a net loss.

*Judgment will be entered for the respondent.*